IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA                                          PLAINTIFF


v.                              CRIMINAL NO. 19-50069-001


AARON WALTON                                                      DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant's *pro se* "Motion to Receive Jail Credit." (ECF

No. 46). The undersigned, being well and sufficiently advised, recommends as follows:

On January 31, 2020, Defendant was sentenced to 151 months imprisonment for

distribution of more than 5 grams of methamphetamine. Defendant now seeks credit toward his

sentence for time he spent in federal custody prior to his 2020 sentencing.

A request for credit must be made, in the first instance, through the Bureau of Prisons

("BOP"). Administrative procedures exist within the BOP to review the Bureau's failure to credit

the time a Defendant has previously served. "Neither the Federal Rules nor the United States

Code gives a court the authority to modify a defendant's sentence once that defendant has been

committed to the custody of the BOP." *United States v. Espinoza-Cardenas*, No. 14-CR-289(1),

2019 WL 1150623, at *1 (D. Minn. Mar. 13, 2019).

Once the Defendant has exhausted his administrative remedies, he may then seek judicial

review of any jail-time credit determination by the BOP by filing a habeas petition under 28

U.S.C. § 2241 in either the district where he is confined (currently the Western District of

Tennessee), in the United States District Court for the District of Columbia, or in any district in

which the BOP maintains a regional office. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).

Accordingly, without indication Defendant has exhausted his administrative remedies, the undersigned recommends denying Defendant's Motion (ECP No. 46). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of November 2021.

/s/Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE