IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AARON WALTON                                                                                   PETITIONER

v.                                            5:19-CR-50069-TLB

UNITED STATES                                                                                  RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Aaron Walton ("Petitioner") filed his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") on September 19, 2022. (ECF No. 50). The Court directed the United States (hereinafter "Government") to respond, and it did so on October 19, 2022, (ECF Nos. 52, 53), with Petitioner filing a supplemental pleading on December 10, 2022. (ECF No. 54). The matter was referred by United States District Judge Timothy L. Brooks to the undersigned for Report and Recommendation pursuant to Rule 72.1 (VIII)(B)(1) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas, and is now ripe for consideration.

**I.      STATEMENT OF FACTS**

    **A.      Factual and Procedural Background**

During April 2018, federal investigators facilitated three controlled buys during an investigation of Petitioner wherein a confidential source purchased from Petitioner approximately sixty-seven grams of methamphetamine. (ECF No. 27 ¶¶ 8-23). Petitioner was first arrested on state charges but was later arrested on July 25, 2019, related to a federal indictment charging Petitioner with "knowing and intentionally" distributing more than five grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). (ECF Nos. 1, 4, 14).

1

Petitioner ultimately pled guilty to one count of knowingly and intentionally distributing more than five grams of actual methamphetamine and was exposed to a mandatory minimum term of five (5) years imprisonment with a statutory maximum sentence of forty (40) years. 21 U.S.C. § 841(b)(1)(B)(viii).  (ECF Nos. 17, 27).

In determining the appropriate sentence, Judge Brooks calculated Petitioner's guideline range (188-235 months), which took into consideration the total offense level of 31 and Petitioner's criminal history score of VI (increased to VI from V because of his status as a "career offender" under the Federal Sentencing Guidelines ("Guidelines" or "U.S.S.G.")).  (ECF Nos. 31, 32, and 27 ¶¶ 43, 93-96); *see also* U.S.S.G. § 4B1.1(a) (defendant is sentenced as a career offender if he "has at least two prior felony convictions of . . . a controlled substance offense"). Overruling Petitioner's career offender status objections at the time of sentencing, Judge Brooks determined that Petitioner's qualifying predicate "prior felony convictions of a controlled substance offense" were (i) a conviction for Distribution or Possession with Intent to Distribute Marijuana, in violation of Kan. Stat. Ann. § 21-5705; (ii) a conviction for Possession of a Schedule II Controlled Substance with Purpose to Deliver, in violation of Ark. Code Ann. § 5-64-436; and (iii) a conviction for Possession of a Schedule VI Controlled Substance with Purpose to Deliver, in violation of Ark. Code Ann. § 5-64-424.  (ECF No. 27 ¶¶ 83, 88).  Judge Brooks then granted a sentencing departure, noted the new total offense level of 29 and revised guideline range of 151-188 months, and sentenced Petitioner to the low end of that range – 151 months imprisonment, four years supervised released, a $100 special assessment, and a $1,900 fine.  (ECF Nos. 31, 32).

Petitioner appealed his sentence to the Court of Appeals for the Eighth Circuit, arguing that he did not qualify as a career offender because he did not have at least two prior felony convictions that met U.S.S.G. § 4B1.2(b)'s definition of a controlled substance offense. *See* Brief for Appellant

at 19-24. Petitioner further argued that the U.S. Sentencing Commission exceeded its authority by expanding the definition of "controlled substance offense" in the commentary to include inchoate offenses such as aiding and abetting, conspiring, and attempting to commit such offenses. *See id.* at 24-27; *see also* U.S.S.G. § 4B1.2, Application Note 1. The Court of Appeals rejected these arguments and affirmed Petitioner's sentence. *See United States v. Walton*, 840 Fed.Appx. 46 (8th Cir. 2021).

B. **Petitioner's Section 2255 Motion**

Petitioner filed his Motion on September 19, 2022, alleging his sentence "was imposed in violation of the Constitution's guarantee of Sixth Amendment [right to effective counsel]" and seeking resentencing without the career offender enhancement. (ECF No. 50, p.1). Petitioner advances three arguments.

Petitioner first contends his counsel's performance was deficient when counsel chose to characterize Petitioner's Arkansas and Kansas convictions as "attempt" crimes instead of "offers for sale." (ECF No. 50, pp. 3-5, 6). Petitioner reasons that the phrase "offer to sale" is broader than "attempt," and should not fall within the purview of the Guidelines' definition of "controlled substance offense."

Petitioner then alleges that counsel's performance during the sentencing hearing was deficient when counsel failed, in Petitioner's opinion, to "correctly" argue that Petitioner possessed the requisite intent to have "purpose to deliver" under his Arkansas convictions. (ECF No. 50, pp. 6-8). Petitioner says that counsel should have so argued because there are multiple ways to prove "purpose to deliver;" Petitioner says he did not actually have this purpose or intent; and thus, should have been convicted of mere possession. *Id.* Petitioner also relies on *United States v.*

3

*Maldonado* to distinguish the state laws under which he was convicted. *United States v. Maldonado,* 864 F.3d 893 (8th Cir. 2017).

Petitioner next argues that counsel's performance was deficient when counsel challenged the U.S. Sentencing Commission's authority to define "controlled substance offenses" under section 4B1.2. (ECF No. 50, p. 5). Petitioner says that because the Eighth Circuit has foreclosed this argument on numerous occasions, counsel should have known not to argue it in Petitioner's case. *Id.*

Finally, Petitioner alleges he was prejudiced by counsel's deficient performance because he should have received a sentence substantially lower than 151 months. (ECF No. 50, p. 9). Petitioner relatedly argues he was prejudiced by counsel's failure to preserve an "offer for sale/attempt" argument for appeal by not raising the argument with Judge Brooks at the time of sentencing. (ECF No. 50, pp. 9, 11).

In response, the Government argues that Petitioner cannot relitigate his "offer for sale/attempt" claims in a Section 2255 motion because they have already been raised, argued, and decided adversely against him in the appellate courts. (ECF No. 53, pp. 10-14, 16-17). The Government points to multiple occasions in the record where counsel argued that Petitioner's Arkansas and Kansas convictions were inchoate and should not be counted toward a career offender U.S.S.G. enhancement, citing, for example, counsel's objection to Petitioner being sentenced as a career offender during the sentencing hearing, on appeal to the Eighth Circuit and in his writ of certiorari to the U.S. Supreme Court. (ECF No. 53, pp. 10-14, 16-17; ECF No. 24, p. 1).

The Government contends that Petitioner's second argument – that his Arkansas convictions should not be considered for the career offender enhancement because there are

multiple ways to be found guilty under Arkansas law without manufacturing, importing, exporting, distributing, or dispending a controlled substance – should be rejected as Petitioner does not explain how "delivery" is broader than the Guidelines' definition of "controlled substances." (ECF No. 53, p. 17).

The Government rejects Petitioner's argument that his counsel was ineffective for arguing against Eighth Circuit precedent, stating the claim must fail because Petitioner cannot demonstrate any adverse effect from counsel's argument. (ECF No. 53, pp. 15-16). Finally, the Government argues that an evidentiary hearing is not required because Petitioner's claims herein are contradicted by the record, have already been litigated, and/or are meritless. (ECF No. 53, pp. 18-19). The Government says a certificate of appealability should not issue because Petitioner has not made a substantial showing of a denial of a constitutional right. (ECF No. 53, p. 19).

## II.  DISCUSSION

### A.  Procedural Hurdles

#### 1.  Petitioner timely filed his Section 2255 Motion.

Section 2255 has a one-year limitation period that begins running, in relevant part, on the date judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). One way a judgment becomes final is when the U.S. Supreme Court denies a petitioner's writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Here, Petitioner's sentence became final on October 4, 2021, when the U.S. Supreme Court denied his petition for writ of certiorari. (ECF No. 45). Petitioner filed his Motion on September 19, 2022 (ECF No. 50) and thus, Petitioner's filing was timely.

### 2. Petitioner's Section 2255 Motion is barred because his sentence does not exceed the statutory maximum.

Petitioner is procedurally barred from collaterally attacking his sentence because the court sentenced him within the statutory maximum. "A sentencing court must correctly calculate the advisory Guidelines range." *United States v. Perkins*, 52 F.4th 742, 743 (8th Cir. 2022). But a claim asserting a misapplication of the career offender enhancement is not cognizable under Section 2255 when the sentence is within the statutory maximum. *See Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (finding no miscarriage of justice when petitioner's sentence was within the statutory maximum, within the initial Guidelines range, and the same 360-month sentence could be reimposed were petitioner's Section 2255 relief granted); *see also United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (". . . a challenge to [the] application of the sentencing guidelines is not cognizable under [Section] 2255").

Considering all of Petitioner's arguments for ineffective counsel together, the only prejudice Petitioner potentially suffered is receiving a higher sentence as a career offender than he would have without the enhancement. Stated differently, all of Petitioner's arguments challenge the application of the Guidelines when determining his sentence. *Sun Bear* forecloses these arguments, however, because Petitioner's 151-month sentence falls below the forty-year maximum sentenced permitted by 28 U.S.C. § 841(b)(1)(B)(viii). Consequently, Petitioner's sentence still would have been "well within the statutory maximum" prescribed for possession of methamphetamine with intent to distribute even had Judge Brooks sentenced him beyond the upper end of the revised Guidelines' 188-month recommendation. *Sun Bear*, 644 F.3d at 705; *see also* 21 U.S.C. § 841(b)(1)(B)(viii). All of Petitioner's claims, therefore, are incognizable under Section 2255.

### 3. Petitioner's career offender enhancement argument was raised and decided against Petitioner on direct appeal.

Petitioner is also procedurally barred from raising certain of his arguments in this Section 2255 Motion because these arguments have been raised and decided against him on direct appeal. A petitioner "cannot raise the same issues in a [Section] 2255 petition that have been decided on direct appeal or in a new trial motion." *United States v. Kraemer*, 810 F.2d 173,177 (8th Cir. 1987); *see, e.g.*, *Jackson v. United States*, 108 F.3d 1382 (8th Cir. 1997) (affirming the denial of defendant's Section 2255 motion because, *inter alia*, defendant resurrected a challenge to the district court's drug-quantity finding previously raised and denied on direct appeal).

The record is undisputed that counsel for Petitioner objected to the Presentence Investigation Report and argued both at the sentencing hearing and on direct appeal to the Eighth Circuit that all three of Petitioner's convictions – pursuant to Ark. Code Ann. §§ 5-64-420, 436 and Kans. Stat. Ann. § 21-5705 – should be rejected for purposes of the career offender enhancement. Objecting to the Presentence Investigation Report, counsel argued:

> Under Arkansas law, "deliver" or "delivery" is defined to mean ". . . *attempted* transfer . . . of a controlled substance . . . in exchange for money or anything of value. . . ." . . . If the [state's] statutory definition of the offense of conviction is broader than the generic defined offense [in the Guidelines], it does not qualify as a career offender predicate.
> …
> Under Kansas law, distribution means "the actual, constructive, or attempted transfer from one person to another . . ." . . . Distribute *also includes an "offer for sale."* . . . Under similar reasoning above, Kansas law is more broad then [sic] the definition of a controlled substance offense in the text of the Guidelines, which does not describe inchoate offenses.

(ECF No. 22, pp. 1, 2 (emphasis added); ECF No. 26, pp. 1-6). Counsel restated this argument during Petitioner's sentencing hearing where Judge Brooks considered and then rejected it. (ECF 41, pp. 6-9). Substantially identical issues were then raised on appeal to the Eighth Circuit:

7

> [Petitioner] contends that [the Arkansas and Kansas] offenses are not qualifying offenses because *inchoate offenses such as attempt and offers to sell* are overbroad and do not fall within the definition of a controlled substance offense that appears in [U.S.S.G. § 4B1.2].
>
> …
>
> Without any expansive terms in the text of § 4B1.2(b) that might be interpreted to include *inchoate offenses or other precursor offenses*, the commentary to § 4B1.2 has not legal force. . . . The Sentencing Commission thus has no power to "expand" the textual definition to include otherwise excluded *inchoate offenses or precursor offenses* through an application note in the commentary.

Brief for Appellant, at 19, 24-25 (emphases added).

Petitioner contends that counsel's performance was deficient for construing his qualifying convictions as "attempt" crimes instead of characterizing them as "offers for sale." (ECF No. 50, pp. 3-5, 6). The record does not support Petitioner's argument. Counsel explicitly argued that convictions for "offers to sell" are not qualifying offenses and implicitly argued that "offers to sell" should not be qualifying offenses by mentioning "inchoate offenses or other precursor offenses." (ECF No. 22, pp. 1, 2; ECF No. 26, pp. 1-6; ECF No. 41, pp. 6-7); Brief for Appellant, at 19, 24-25. Both Judge Brooks and a panel of the Eighth Circuit Court of Appeals considered and rejected these arguments. (ECF No. 41, pp. 6-9); *see also United States v. Walton*, 840 Fed.Appx. 46 (8th Cir. 2021). Petitioner is thus procedurally barred from arguing that counsel was ineffective for arguing "attempt" instead of "offer for sale" in this Motion. *See United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987).

### 4. Petitioner is also barred from arguing the "offer for sale" and "attempt" distinction in his Motion because he does not suffer prejudice.

Petitioner is also barred from arguing counsel was ineffective for arguing "attempt" instead of "offer for sale" because Petitioner cannot demonstrate prejudice. A Section 2255 motion cannot be used to argue issues that could have been raised on appeal unless the petitioner shows he

8

suffered prejudice, shows actual innocence, or shows a miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

Petitioner does not argue actual innocence or a miscarriage of justice. Rather, Petitioner contends counsel prejudiced him by foreclosing his ability to raise the "offer for sale" issue on appeal, which resulted in a harsher sentence under the career offender enhancement. (ECF No. 50, pp. 5-6, 8-9) ("During [sentencing and direct appeal], [Petitioner] lost process [because of counsel's failed argument]. . . . [Petitioner] would have received a sentence substantially lower than 151 months had he been provided with [an effective defense counsel] . . . that would oppose Mr. Walton's conviction counting it as an attempt crime, when in [actuality], it was only a mere 'offer for sale' . . . .").

As discussed above, Petitioner's counsel did raise this argument multiple times. (ECF No. 22, pp. 1, 2; ECF No. 26, pp. 1-6; ECF No. 41, pp. 6-7); Brief for Appellant, at 19, 24-25. But assuming counsel had failed to make this argument, Petitioner cannot demonstrate prejudice. The Guidelines require at least two qualifying offenses to receive the career offender enhancement. *See* U.S.S.G. § 4B1.1(a). Inchoate crimes, like attempt with intent to distribute, are "controlled substance offenses." *See United States v. Jefferson*, 975 F.3d 700, 706-08 (8th Cir. 2020) (relying on *United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995) (en banc)); *see also United States v. Maldonado*, 864 F.3d 893, 899-901 (8th Cir. 2017).

Petitioner's career offender enhancement is predicated upon one Kansas conviction and two Arkansas convictions. (ECF No. 27 ¶¶ 83, 88). And, as the Government correctly indicates, only the Kansas statute defines "distribute" as including an "offer for sale." (ECF No. 53, pp. 16-

9

17).  Kansas convicted Petitioner for possessing a controlled substance with the intent to distribute. *See* KANS. STAT. ANN. § 21-5705.  Kansas law defines "distribute" as an ". . . offer for sale [] . . . or any act that causes or is intended to cause some item to be transferred from one person to another. . . ." KANS. STAT. ANN. §§ 21-5701(d), and -5111(g) (emphasis added).

Petitioner is correct that the Eighth Circuit has not ruled whether an "offer for sale" is a "controlled substance offense" for career offender purposes.  *See United States v. Jefferson*, 975 F.3d 700, 707 (8th Cir. 2020); *United States v. Thomas*, 886 F.3d 1274, 1276 (8th Cir. 2018) (stating in dicta, ". . . [T]o meet the Guidelines definition [of 'controlled substance offense'], *a state law must require something more than a mere offer to sell*.") (emphasis added).  Should the Eighth Circuit consider whether Petitioner's Kansas conviction falls within the Guidelines' definition of "controlled substance offense," it would apply the categorical approach.  *See United States v. Maldonado*, 854 F.3d 893 (8th Cir. 2017).  But this analysis is not necessary here because, contrary to his argument, Petitioner's two Arkansas convictions cannot be construed as "offers for sale," and are sufficient—without consideration of the Kansas conviction—for application of the career offender enhancement.

Arkansas convicted Petitioner twice for possessing controlled substances with purpose to distribute.  *See* ARK. CODE ANN. §§ 5-64-436, -424; (ECF No. 27 ¶ 88).  Arkansas law defines "distribute" as "deliver," and "deliver" means "the actual, constructive, or *attempted* transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value[] . . . ." ARK. CODE ANN. § 5-64-101(9) (distribute); ARK. CODE ANN. § 5-64-101(6) (deliver) (emphasis added).  Accordingly, Petitioner's Arkansas convictions are subject to the Eighth Circuit's holdings in *Jefferson*, *Maldonado*, and *Mendoza-Figueroa*: "attempt" crimes are "controlled substance offenses" for career offender purposes.  *See Jefferson*, 975 F.3d

10

at 706-08; *Maldonado*, 864 F.3d at 899-901; *Mendoza-Figueroa*; 65 F.3d at 693. Thus, while possible that Petitioner's Kansas conviction might not be a "controlled substance offense," Petitioner's two Arkansas convictions unquestionably satisfy the career offender enhancement. *See Strickland*, 466 U.S. at 691; *Jefferson*, 975 F.3d at 706-08.

### B. Ineffective Assistance of Counsel

Petitioner's counsel was not ineffective for arguing against application of Eighth Circuit law. Ineffective assistance of counsel claims concerning sentencing are evaluated using the standard set forth in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984); *see also Lafler v. Cooper*, 566 U.S. 156, 165 (2012). To satisfy the two prongs of the *Strickland* test, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687. If a defendant fails to establish either of the two prongs, the court need not address both prongs when deciding the matter. *See Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021). Petitioner's claim fails both *Strickland* prongs.

#### 1. Counsel's performance was not deficient.

Counsel was not ineffective for arguing against settled precedent. To demonstrate deficient performance, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *King v. United States*, 595 F.3d 844, 853 (8th Cir.2010). "It is the defendant's burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996). "[S]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011). And because scrutiny of counsel's performance is "highly deferential," there is a "strong

11

presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Kelly v. United States*, 819 F.3d 1044, 1047 (8th Cir. 2016).

Petitioner argues that his counsel was ineffective for arguing against the Eighth Circuit's settled precedent that the U.S. Sentencing Commission has the authority to define attempt crimes as a "controlled substance offense" under U.S.S.G. § 4B1.2. *See United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995) (en banc); *see also United States v. Merritt*, 934 F.3d 809 (8th Cir. 2019); (ECF No. 50, p. 5). Counsel was not ineffective for making this argument, however, because it was Petitioner's best (and perhaps only) chance of avoiding the career offender enhancement. It was also objectively reasonable (even if unsuccessful) to argue for an alternative interpretation of "controlled substance offense" because the circuits are split on this issue. *Compare Mendoza-Figueroa*, 65 F.3d 691 *and Merritt*, 934 F.3d 809 *with United States v. Harvis*, 927 F.3d 382 (6th Cir. 2019), *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018), *and United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022).

Moreover, counsel did not make the "attempt/offer for sale/inchoate" argument ignorant of the Eighth Circuit's holding. To the contrary, it was counsel's stated purpose to seek Supreme Court resolution of the issue when presenting this argument before the Eighth Circuit: "[Petitioner] recognizes that current law in [the Eighth Circuit] is in opposition to his argument, but seeks to preserve his argument for further appeal. . . . [Petitioner] respectfully submits that *Mendoza-Figueroa* and *Merritt* have been wrongly decided." Brief for Appellant at 19 (internal citations omitted). Rather than showing that counsel's strategic decision resulted from a "lack of diligence in preparation," counsel's argument indicates he understood only too well Petitioner's dilemma under the Eighth Circuit's holdings, made the best of a difficult legal situation, and argued

Petitioner's case in a way to seek further review. *Cole v. Roper*, 623 F.3d 1183, 1198 (8th Cir.2010). That is the opposite of ineffective.

### 2. Petitioner was not prejudiced by counsel's decision.

Petitioner also fails to show how he suffered prejudice. To meet the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This standard is less onerous than the preponderance-of-the-evidence standard. *Id.* The likelihood of a different outcome, however, "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Petitioner makes a general claim that he suffered prejudice because, but for counsel's error, he would have received a substantially lower sentence. (ECF No. 50, p. 9). But Petitioner cannot causally link the specific allegation that counsel was ineffective for arguing against settled precedent with the asserted prejudice of receiving a higher sentence. Had counsel not challenged *Mendoza-Figueroa* and *Merritt*, Petitioner would have no argument with which to challenge his sentence because—even if Petitioner prevailed on the "offer for sale" argument—his two Arkansas convictions would have satisfied the career offender enhancement.[1] For this reason, the Government is correct: Counsel's argument was Petitioner's "only path" to not being considered a career offender. (ECF No. 53, p. 15). Thus, Petitioner suffered no prejudice, and he fails to satisfy both *Strickland* prongs.

---

[1] It is also worth pointing out that Petitioner's Motion must also fail for lack of prejudice because he could have received the same 151-month sentence without the career offender enhancement. Petitioner received a base offense level of 29, and his career offender enhancement placed him in the Criminal History Category VI, which carries a sentencing range of 151 to 188 months. If Petitioner did not receive the career offender enhancement, he would be placed in Criminal History Category V, which has a sentencing range of 140 to 175 months. Petitioner's 151-month sentence falls within this range; thus Petitioner cannot demonstrate prejudice even without the career offender enhancement.

### C. Evidentiary Hearing

An evidentiary hearing is unwarranted in this case. Section 2255(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists. The district court is not permitted to make a credibility determination on the affidavits alone." *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014). Motions under Section 2255 can be dismissed without a hearing, however, "if [] the petitioner's allegations, accepted as true, would not entitle the petitioner to relief or [] the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017).

Petitioner alleges his counsel was ineffective for arguing "attempt" instead of "offer for sale," for arguing against settled precedent, and for failing to argue that Petitioner's Arkansas offenses should have been considered "possession" crimes. As previously stated, Petitioner's first argument is contradicted by the record. (ECF No. 22, pp. 1, 2; ECF No. 26, pp. 1-6; ECF No. 41, pp. 6-7); Brief for Appellant, at 19, 24-25. Petitioner's second argument is conclusory rather than factual, but accepting this argument as true does not entitle him to relief. Had counsel not argued against Eighth Circuit precedent, Petitioner would be in the same position he is currently in because Judge Brooks would have applied the career offender enhancement in light of Petitioner's two Arkansas convictions.

Petitioner's final argument also fails. Assuming Petitioner's Arkansas convictions could be considered "possession" instead of "attempt" crimes, the Court was well within its discretion to sentence Petitioner to 151 months because the statutory range of punishment for possession of methamphetamine with intent to distribute is five to forty years. *See* 21 U.S.C. § 841(b)(1)(B)(viii). In sum, the record "conclusively show[s] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). Petitioner's Section 2255 motion should therefore be dismissed without an evidentiary hearing.

### D. Certificate of Appealability

A certificate of appealability should not issue in this case. A district court's final order in a Section 2255 proceeding is subject to appellate review only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see, e.g.*, *Dorsey v. Vandergriff*, 30 F.4th 752, 755-60 (8th Cir. 2022) (affirming the district court's denial of a certificate of appealability because jurists could not find the court's decision debatable).

As noted herein, Petitioner alleges that he was denied the effective assistance of counsel. (ECF No. 50); *see also* U.S. CONST. amend. VI. As previously discussed, however, Petitioner has not made a "substantial showing" of a constitutional violation because he fails to show how his counsel's performance was unreasonable, ineffective, or prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Rather, Petitioner's arguments are contradicted by the record, are conclusory, and do not establish prejudice. (ECF No. 22, pp. 1, 2; ECF No. 26, pp. 1-6; ECF No. 41, pp. 6-7); Brief for Appellant, at 19, 24-25; *see also Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011). For these reasons, a certificate of appealability should not issue.

### III. CONCLUSION

Petitioner's Section 2255 Motion should be denied because his claims are procedurally defaulted and because his ineffective assistance claims fail to meet *Strickland*'s two-pronged test. An evidentiary hearing is not appropriate because, even if Petitioner's arguments were taken as true, he would not be entitled to a remedy, and a certificate of appealability should not issue because Petitioner does not make a substantial showing that his counsel's performance violated Petitioner's Sixth Amendment right to effective counsel.

It is therefore recommended that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that a Section 2255(b) Evidentiary Hearing and a Section 2253(c) Certificate of Appealability likewise be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to timely file written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 31st day of March 2023.

*Christy Comstock*
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE